UNITED STATES of America, Plaintiff,

v.

WHITE MOUNTAIN APACHE TRIBE, et al., Defendants.

No. CIV 81–1606 PCT–CAM.

United States District Court,
D. Arizona.

Feb. 21, 1985.

---

A. Melvin McDonald, U.S. Atty., Elizabeth Jucius Dunn, Michael A. Johns, Asst. U.S. Attys., Phoenix, Ariz., and Pauline H. Milius, Dept. of Justice, Washington, D.C., for plaintiff.

Robert C. Brauchli, Tribal Atty., White Mtn Apache Tribe, White River, Ariz., William H. Veeder, Washington, D.C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MUECKE, District Judge.

Having considered plaintiff's motion for summary judgment, the memoranda and arguments of counsel, and the entire record, and there being no genuine issues of material fact, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The plaintiff in this action is the United States of America.

2. The defendants are the White Mountain Apache Tribe, the White Mountain Apache Tribal Court, and named members of the Tribal Court and Tribal Council.

3. The reservation of the White Mountain Apache Tribe, the White Mountain Apache Indian Reservation, is also known as the Fort Apache Indian Reservation. The Fort Apache Indian Reservation is located in Arizona.

4. The United States holds legal title to the lands and appurtenant water rights within the Fort Apache Indian Reservation, and the White Mountain Apache Tribe has beneficial title thereto.

5. The Secretary of the Interior is the executive officer of the United States with primary responsibility for administration of Indian affairs. The Secretary has significant management authority over all Indian reservations, including the Fort Apache Indian Reservation.

6. The Secretary, together with the Attorney General, carries out the United States' responsibility to the Tribe to protect and defend reservation lands and resources. Implied in these authorities and responsibilities is the right to go onto reservation lands, with or without the consent of the Tribe, in order to perform official business and to carry out other duties imposed by Congress and required by the government's duty to protect Indian resources.

7. This lawsuit was precipitated by an order of the White Mountain Apache Tribal Court of December 23, 1981. That order purportedly enjoined Interior Department employees from transmitting materials to the Department of Justice to support a water claim to be filed January 4, 1982, on behalf of the Tribe in the Maricopa County

Superior Court state water proceeding (No. W–1 through No. W–4). This action filed December. 30, 1981, sought temporary, preliminary, and permanent injunctive and declaratory relief, restraining the defendants from interfering with the United States' officers or other representatives in performance of their official duties, including preparation and filing of water rights claims in the Maricopa County Superior Court state water adjudication. In February, 1982, the United States moved for summary judgment.

8. This action and the state water adjudication were stayed pending a resolution by the Supreme Court of *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983). Following decision by the Supreme Court in July, 1983, and the Ninth Circuit's order on remand of December 9, 1983, *Northern Cheyenne Tribe v. Adsit*, 721 F.2d 1187 (9th Cir.1983), Judge Goodfarb of the Maricopa County Superior Court on April 27, 1984, gave the United States a January 4, 1985, deadline for filing all Indian reserved water rights claims on the upper Salt River, which encompasses a claim on behalf of the White Mountain Apache Tribe. In June, 1984, the Maricopa County Superior Court by order required the United States to file such claims by January 4, 1985.

9. In order to complete work on the United States' water claim to be filed on behalf of the White Mountain Apache Tribe, federal officials, including those of the Department of Interior, and their agents, contractors, or other representatives must gain access to the Fort Apache Indian Reservation to gather data and perform certain studies.

10. The federal officials and their representatives who through this lawsuit seek access to the Fort Apache Reservation do so to perform official business on that Reservation. The United States must have access to the Fort Apache Indian Reservation to complete preparation of its claim for filing in the ongoing state water adjudication in the Maricopa County Superior Court. The United States has a continuing need of access to the reservation as well during the course of that litigation proper to prepare, perhaps amend, and defend the water claim.

## CONCLUSIONS OF LAW

1. This court has jurisdiction under 28 U.S.C. 1345.

2. Defendants are located or reside within the Fort Apache Indian Reservation in Arizona and are within the territorial jurisdiction of this Court.

3. An action to enjoin an agent of the United States from performing his official duties is an action against the United States and barred by the doctrine of sovereign immunity absent consent of Congress. See *Larson v. Domestic and Foreign Commerce Corporation*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963).

4. Indian tribes, through the arm of their tribal courts or otherwise, are without authority to regulate, restrict or limit in any way the activities of federal officials conducting official business on reservations. *Armstrong v. United States*, 306 F.2d 520 (10th Cir.1962); *United States v. Blackfeet Tribe*, 364 F.Supp. 192, 194 and 369 F.Supp. 562 (D.Mont.1973); *Stone v. United States*, 506 F.2d 561 (8th Cir.1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1405, 43 L.Ed.2d 659 (1975).

5. The federal government's duties to manage and protect reservation lands and resources necessarily override the Tribe's sovereign power to exclude non-members. Any authority the Tribe has to exclude non-members from the reservation does not extend to federal officials performing official business on the reservation. See *Escondido Mutual Water Co. v. LaJolla Indians*, — U.S. —, 104 S.Ct. 2105, 2118 n. 30, 80 L.Ed.2d 753 (1984); *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 144–147, 102 S.Ct. 894, 905–906, 71 L.Ed.2d 21 (1982).

6. The defendants are without authority to restrict or limit in any way the activities of any officers, agents, employees, contractors, or other representatives of the United States in the performance of their official duties on or off the Fort Apache Indian Reservation, where such duties relate in any way to the preparation and filing of water right claims on behalf of the White Mountain Apache Tribe in the Maricopa County Superior Court state water adjudication.

7. The United States is accordingly entitled to summary judgment in this action.